UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO:

DON BARNES AND JAMES BICE )
)
        Plaintiff, )
) **COMPLAINT**
v. )
)
UNITED STATES DEPARTMENT )
OF INTERIOR, NATIONAL PARK )
SERVICE, GREAT SMOKEY )
MOUNTAINS NATIONAL PARK, )
CASSIUS CASH, Acting )
Superintendent )
)
        Defendants. )
_____)

    **NOW COMES** the Plaintiffs, Don Barnes and James Bice, by and through undersigned counsel, complaining of Defendants, United State Department of Interior, National Park Service, Great Smokey Mountains National Park, and Cassius Cash, acting superintendent, and shows unto the Court as follows:

1. That the Plaintiffs, each of them are residents of Haywood County, North Carolina, and were at the time of the matters herein complained of, and are at the time of the filing of this complaint, a resident of said county and state.

2. That the United States Department of Interior is an agency of the United States Government, holding a cabinet position in the executive branch of the United States, and that the National Park Service is an agency created under the United States Department of Interior, and in control of the Great Smokey Mountains National Park, located both in Tennessee and in the state of North Carolina at the time of the matters herein complained of, and is at the time of the filing of this complaint such agency.

3. That the defendant, Cassius Cash is the acting superintendent of the National Park Service, in charge of and responsible for carrying out the rules and regulations of the National Park Service and enforcing and maintaining the lands within the park under the rules and regulations of the National Park Service, and that he was at the time of the matters herein complained of, and is at the time of the filing of this complaint upon information and belief, still serving in the capacity as an acting superintendent.

# FACTS

1. That on or about the 14th day of December 1993, Voit and Josephine Gilmore transferred all right title and interest, by a donation deed to the United States of America as Grantee, as set out in Book 439, Page 1301 in the Haywood County Registry, for the purposes of providing a tract or parcel of land in Haywood County for use and benefit of the National Park Service of the Department of Interior.

2. That under and by virtue of the deed granting the property interest in and to the defendant, a provision of that deed granted a particular boundary of approximately 68 acres, more or less in tract 1, and granted tract 2, a permanent easement and right of way for certain and limited purposes subject to terms and conditions of the donation deed which reads as follows:

    "Subject, however, to:

    a. Existing easements of record for public roads and highways, public utilities, railroads, and pipelines;

    b. Matters shown on plat recorded in Map Book I, page 45, Haywood County Registry, where that would be shown by a current service;

    c. All rights of ingress and egress conveyed hereto are limited to private non-exclusive use by the Grantee, its agents and employees, solely for management purposes and not for the use or benefit of the general public. This instrument was prepared by Roseanne R. Shrist, Realty Specialist for the National Park Service in Atlanta, Georgia."

3. This deed was duly recorded in Haywood County and is a part of the transfer.

4. This property provided a private road use by the Park Service as set forth in this instrument for the use of the private road known as "The Purchase," in Haywood County.

5. That the property of the Plaintiffs runs to the center of Purchase Road, which provides by survey that donation lands, subject of this lawsuit, ran to the center of the Purchase Road which is a private road abutting the lands of the Plaintiff.

6. The private, nonexclusive use by the Grantee, its agents and employees was solely for management purposes and not for the use and benefit of the general public.

7. Since the time of the acquisition of the property the Defendants have engaged in creating an intolerable and dangerous condition by opening this road to public use, and further have created public parking on the government side of this public road for

the public at large to park their vehicles in violation of the restrictions imposed on the donation in the donation deed.

8. That Randy Harron, Registered Licensed Surveyor, showed by his survey that the boundary of the Defendant's property runs with the center line of the Purchase Road and is a private road.

9. That since the time of the transfer, the Defendant has continually allowed public access on this road by visitors to the park, creating a dangerous and hazardous condition with multiple vehicles including motorhomes and cars parked within the right of way of this private road which has interfered with the use by the Plaintiffs of their easement that they possess from their deed on the private road known as the Purchase Road.

10. That the Defendants have been requested by the Plaintiff to honor and comply with the terms and conditions of the restrictions in the granting deed subject of this property, which the Defendants have refused to enforce and that because of the failure to enforce the no parking and restriction of the public to this road, has created a dangerous and hazardous condition where emergency vehicles and other vehicles who provide services to the Plaintiffs property have been blocked or excluded from access along this road because of the heavy traffic and the parking by multitudes of visitors to the park along this road and within the road rights of ways to include locating parked vehicles on the Plaintiffs property.

11. That the Plaintiffs have requested the government to place signs at the entrance to the Purchase Road to stop public access to this road, but the Defendants have refused.

12. That one of the neighbors attempted to put a gate at the entrance to Purchase Road, but because of the nature of the property of the Defendants and the Plaintiffs being to the center line of the that road, the Defendant Former Superintendent threatened the land owners with prosecution for trespass if they did not remove the gate when they attempted to limit the public use of this property.

13. Upon information and belief the Defendants are now charging fees and earning money from parking by the public on or along this road and have, in fact, placed notifications and informative information on websites and GPS mapping which shows that this is a way to gain access to the Great Smokey Mountains National Park for hiking and other public activities, all in violation of the deed restriction located in the government's donated tract of land subject of this lawsuit.

14. The Plaintiffs have no adequate remedy of law to secure the enforcement of the restrictions which is materially and substantially placed their lives and property at risk without any remedy available to them.

## First Cause of Action

15. The Plaintiffs and readopts and repleads the foregoing paragraphs as if fully setout herein.

16. That the actions of the Defendants constitute a violation of the restrictions imposed upon the deed subject of this action.

17. That the Plaintiffs are entitled to an injunctive relief mandating that the Defendants fully honor and comply with the terms and conditions of the easements subject of the deed granted to it under the donation deed subject of this lawsuit.

18. That the Plaintiffs have had to employ attorneys and expend funds to seek the enforcement of this Private Road and to compel the government to comply with the terms and conditions of the deed restrictions which affects both the Defendants property and the Plaintiffs property.

## Second Cause of Action Declaratory Judgement

19. That the Plaintiffs readopts and repleads all paragraphs above as if fully setout herein.

20. That the Plaintiffs are in need of a Declaratory Judgement determining that the defendants have violated the restricted private easement.

**WHEREFORE**, having fully prayed, the Plaintiffs respectfully requests of the Court as follows:

1. That the court issue an order or, in the alternative, a Declaratory Judgment, directing that the Defendants enforce and comply with the terms of all restrictions set forth to include, but not limited to restricting the use of Purchase Road for the purposes enumerated in the reservation of this land under the donation deed.

2. That they are directed to remove all notifications or bulletins of access by the public to this road.

3. That they remove the public parking area on the government's side of Purchase Road for public parking.

4. That they post a sign at the entrance to Purchase Road that this is private property and not for use by the public.

5. That the cost of this action be taxed to the defendants.

6. For reasonable attorney's fees as allowed by law.

7. For such other and further relief as the court may deem just and proper.

This the 2nd day of April 2024.

Russell L McLean, III
McLean Law Firm, P.A.
Plaintiff's Attorney
P.O. Box 4
Waynesville, NC 28786
828.452.2896 tel
828.356.6517 fax
rlmclean3@aol.com

# VERIFICATION

STATE OF NORTH CAROLINA
HAYWOOD COUNTY

**NOW COMES** James Bice, being first duly sworn, deposes and verifies to his own knowledge of those facts known to him and believes truthfully upon information and belief of the contents of this matter.

This the __1__ day of April 2024.

_____
James Bice

Sworn to and subscribed before me this the __1__ day of April, 2024.

_____
Notary Public

My Commission Expires: 12-17-28



# VERIFICATION

STATE OF NORTH CAROLINA
HAYWOOD COUNTY

**NOW COMES** Don Barnes, being first duly sworn, deposes and verifies to his own knowledge of those facts known to him and believes truthfully upon information and belief of the contents of this matter.

This the __/__ day of April 2024.

_____
Don Barnes

Sworn to and subscribed before me this the __/__ day of April, 2024.

_____
Notary Public

My Commission Expires: 12-17-28



## CERTIFICATE OF SERVICE

      I hereby certify that I have served the foregoing Affidavit of Service on the opposing party through counsel of record by placing the same in the US Mail in a postage-paid, properly addressed envelope to the following:

Cassius Cash
Superintendent for Great Smokey Moutain National Park
107 Park Headquarters Rd
Gatlinburg, TN 37738

Deb Haaland
Secretary of the Interior
National Capitol Parks Headquarters
Building 2, 1100 Ohio Dr SW
Washington, DC 20242

This, the _____ day of April 2024.

/s/ Russell L. McLean, III
Russell L. McLean III
McLean Law Firm, P.A.
1878 Camp Branch Road
Waynesville, NC 28786
Tel: (829) 452-2896
Fax: (828) 356-6517
rlmclean3@aol.com