IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00134-MR-WCM

| | |
|---|---|
| **DON BARNES and JAMES BICE,** )<br>)<br>**Plaintiffs,** )<br>)<br>vs. )<br>)<br>**UNITED STATES DEPARTMENT** )<br>**OF INTERIOR, NATIONAL PARK** )<br>**SERVICE, GREAT SMOKEY** )<br>**MOUNTAINS NATIONAL PARK,** )<br>**and CASSIUS CASH,** )<br>)<br>**Defendants.** )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Enter Default Judgment. [Doc. 9].

On April 30, 2024, the Plaintiffs Don Barnes and James Bice, through counsel, filed this action, alleging that the Defendants "United States Department of Interior," "National Park Service," "Great Smokey [*sic*] Mountains National Park," and Acting Superintendent of Great Smoky Mountains National Park Cassius Cash violated the terms of a restricted easement granted to the federal government. [Doc. 1]. On May 3, 2024, Summons was issued to the Attorney General, but at the address for the National Park Service. [Doc. 3]. On July 18, 2024, the Plaintiffs filed

Affidavits of Service, which indicate that a copy of the Complaint and Summons was received by the Defendants "Great Smokey [*sic*] Mountains National Park" and Cassius Cash on May 14, 2024, and by the United States Department of the Interior on May 15, 2024. [Docs. 5, 6, 7]. On July 22, 2024, a summons was re-issued to the Attorney General at the Attorney General's address. [Doc. 8].

On July 23, 2024, the Plaintiffs filed the present Motion for Default Judgment on the basis that none of the Defendants had filed a responsive pleading. [Doc. 9]. On July 24, 2024, the Defendants filed a Memorandum in Opposition to the Plaintiffs' Motion. [Doc. 10].

In actions against the United States or a federal agency, a party must:

> **(A)** **(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). While the Plaintiffs have provided documentation of their service of process to the agencies and officers whose actions are being challenged, the Plaintiffs have not shown that they have served the U.S. Attorney's Office or the Attorney General. [See Docs. 5, 6, 7, 8]. In fact, it appears from a review of the docket that a summons was never issued to the U.S. Attorney's Office, and that a summons with the correct address for the Attorney General did not issue until July 22, 2024, a mere day before the Plaintiffs filed the present motion. Therefore, the Plaintiffs have not properly effectuated service as required by Federal Rule of Civil Procedure 4.

Furthermore, even if the Plaintiffs had properly served the Defendants, a default judgment would be unavailable for other reasons. For one, the Plaintiffs did not first seek an entry of default as required by Federal Rule of Civil Procedure 55. Fed. R. Civ. P. 55(a). This rule further provides that a default judgment may not be entered against the United States, its officers, or its agencies unless "the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). The Plaintiffs here have not so established any claim or right to relief.

For the foregoing reasons, the Plaintiffs' Motion to Enter Default Judgment will be denied. Counsel is advised to familiarize himself with the Federal Rules of Civil Procedure before taking further action in this case.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion to Enter Default Judgment [Doc. 9] is **DENIED.**

**IT IS SO ORDERED.**

Signed: August 6, 2024

Martin Reidinger
Chief United States District Judge