IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00134-MR-WCM

| | |
|---|---|
| **DON BARNES and JAMES BICE,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> **UNITED STATES DEPARTMENT** ) <br> **OF INTERIOR, NATIONAL PARK** ) <br> **SERVICE, GREAT SMOKEY** ) <br> **MOUNTAINS NATIONAL PARK,** ) <br> **and CASSIUS CASH,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | O R D E R |

**THIS MATTER** is before the Court *sua sponte*.

The Plaintiffs Don Barnes and James Bice, through counsel, filed this action on April 30, 2024, alleging that the Defendants "United States Department of Interior," "National Park Service," "Great Smokey [*sic*] Mountains National Park," and Cassius Cash, the Acting Superintendent of Great Smoky Mountains National Park, violated the terms of a restricted easement granted to the federal government. [Doc. 1].

On May 3, 2024, a Summons was issued to the United States Attorney General, but at the address for the National Park Service. [Doc. 3]. On July 18, 2024, the Plaintiffs filed Affidavits of Service, which indicate that a copy

of the Complaint and Summons was received by the Defendants "Great Smokey [*sic*] Mountains National Park" and Cassius Cash at the Great Smoky Mountain National Park headquarters on May 14, 2024, and by the United States Department of the Interior on May 15, 2024. [Docs. 5, 6, 7]. On July 22, 2024, a summons was re-issued to the "National Park Service c/o Merrick Garland, United States Attorney General" at the United States Attorney General's address. [Doc. 8].

On July 23, 2024, the Plaintiffs filed a Motion for Default Judgment on the basis that none of the Defendants had filed a responsive pleading. [Doc. 9]. On August 6, 2024, the Court denied the Plaintiffs' Motion, noting in part that the Plaintiffs had not properly effected service as required by Rule Fed. R. Civ. P. 4(i) of the Federal Rules of Civil Procedure. [Doc. 11]. On August 7, 2024, the Plaintiff filed another Affidavit of Service, indicating that a copy of the Complaint and Summons was mailed to "Nation [sic] Park Service c/o Merrick Garland, United States Attorney General, 950 Pennsylvania Ave NW, Washington, DC 20530." [Doc. 12 at 1].

Despite the fact that the Court specifically delineated in its Order what needed to be done in order to effectuate service in this case, the Plaintiffs still have not complied with all of the requirements of Rule 4(i). [See Docs. 5, 6, 7, 8, 12]. Rule 4(i)(4) of the Federal Rules of Civil Procedure provides

that the Court must allow the Plaintiffs a reasonable time to cure their failure to effect service on these Defendants. See Fed. R. Civ. P. 4(i)(4)(A) (addressing failure to effect service on United States agency; corporation; or officer or employee sued in official capacity); 4(i)(4)(B) (addressing failure to effect service on United States).

The Plaintiffs are hereby given thirty (30) days to properly effect service of the Summons and Complaint on the Defendants as required by Rule 4(i). Should the Plaintiffs fail to effect service within thirty (30) days, the Plaintiffs' action against the Defendants shall be dismissed without prejudice without further order.

**IT IS, THEREFORE, ORDERED** that, within thirty (30) days of the entry of this Order, the Plaintiffs shall effect service on the Defendants. Should the Plaintiffs fail to effect service within thirty (30) days, the Plaintiffs' action against the Defendants shall be dismissed without prejudice without further order.

**IT IS SO ORDERED.**

Signed: November 6, 2024

Martin Reidinger
Chief United States District Judge

3

Case 1:24-cv-00134-MR-WCM   Document 13   Filed 11/06/24   Page 3 of 3