IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00134-MR-WCM

| | | |
|---|---|---|
| **DON BARNES and JAMES BICE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 38]; the Magistrate Judge's Memorandum and Recommendation [Doc. 41] regarding the disposition of that motion; the Defendant's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 43]; and the Plaintiffs' Motion to Amend Complaint [Doc. 45].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's motion and to submit a recommendation for its disposition. On June 30, 2026, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the

Defendant's motion be granted in part and denied in part. [Doc. 41]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.]. After receiving an extension of time to do so [see Text-Only Order entered July 13, 2026], the Defendant filed its Objections on July 27, 2026. [Doc. 19].

After also receiving an extension of time [see Text-Only Order entered Aug. 24, 2026], the Plaintiffs filed a Reply to the Defendant's Objections on August 28, 2026. [Doc. 46]. At the same time, the Plaintiffs also filed a Motion to Amend Complaint. [Doc. 45]. The Defendant filed its Response opposing the Plaintiffs' Motion to Amend on September 3, 2026. [Doc. 47].

In its Objections, the Defendant takes issue with the Magistrate Judge's proposed conclusion that the record is inadequate to determine whether the Plaintiffs have standing to enforce the restrictive covenant at issue. [Doc. 41 at 10] ("without a complete chain of title with respect to Plaintiffs' Property, it is not possible to conclude that Plaintiffs cannot establish vertical privity."). The Magistrate Judge did not err in this regard. Based on the Plaintiffs' allegations in the Amended Complaint and the limited

record of the relevant chain of title,[1] it is plausible that there is vertical privity sufficient to confer standing on the Plaintiffs. It remains to be seen on a complete record whether such privity in fact exists. But at this stage, the Court will allow the Plaintiffs' claim to proceed.

Regarding the Plaintiffs' motion to amend, the Plaintiffs had twenty-one days from the filing of the Defendant's Motion to Dismiss to file an amended complaint as of right and to address any deficiencies identified by the Defendant in its motion. See Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right to do so, the Plaintiffs failed to amend their Complaint within the time required. Having failed to amend their Complaint and to address the deficiencies identified by the Defendant, the Plaintiffs left the Court with no option but to address the Defendant's motion on their merits. In doing so, the Magistrate Judge engaged in a thorough analysis of the Plaintiffs' claims and the factual allegations made in support thereof. The Plaintiffs cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend their Complaint. See Kotsias v. CMC II, LLC, No. 1:15-CV-00242-MR-DLH, 2016 WL 7384594, at *1 (W.D.N.C. Dec. 20, 2016); Bailey v. Polk County, No. 1:10-CV-00264, 2011 WL 4565449, at *4

[1] The relevant chain of title commences with the deed executed in July of 1942 that created the right-of-way easement for the private road which would become known as Purchase Road.

(W.D.N.C. Sept. 29, 2011). Allowing the amendment would reduce the Magistrate Judge's Memorandum and Recommendation to nothing more than an advisory opinion to assist the parties through the pleading stage. Accordingly, the Plaintiffs' request to amend their Complaint is denied.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court overrules the Defendant's Objections and accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that Defendant's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 43] are **OVERRULED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 41] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 38] is **GRANTED IN PART** and **DENIED IN PART**. The Plaintiffs' claim to enforce the easement as an equitable servitude is **DISMISSED WITH PREJUDICE**. This matter shall proceed with respect to the Plaintiffs' claim to enforce the restrictions in the Donation Deed as a real covenant at law.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Amend Complaint [Doc. 45] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 2, 2026

Martin Reidinger
Chief United States District Judge